# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lucinda Ortiz,

    Plaintiff

v.

Bodega Latina Corporation, dba El Super,

    Defendant

Case No.: 2:18-cv-01012-JAD-NJK

**Order Granting Motions for Summary Judgment; Judgment**

[ECF Nos. 27, 28]

In this premises-liability action, Lucinda Ortiz claims that she was injured when she slipped on cherries in the produce section of an El Super grocery store.[1] The store moves for summary judgment on both of Ortiz's claims.[2] Because the store has demonstrated that summary judgment is proper, I grant its motions, enter summary judgment in its favor, and close this case.

## Background

Ortiz asserts two claims in this removed action: (1) negligence/premises liability and (2) negligent hiring/supervision.[3] Her attorney has withdrawn, and she is proceeding pro se.[4] In two separate motions for partial summary judgment, El Super moves for summary judgment on both of Ortiz's claims.[5] Ortiz's response to those motions was due October 7, 2019.[6] She filed nothing, leaving both motions unopposed.

---

[1] ECF No. 1-2.
[2] ECF Nos. 27, 28.
[3] ECF No. 1-2.
[4] ECF No. 39 (minutes).
[5] ECF Nos. 27, 28.
[6] *See* ECF No. 34 (setting response date at 10 days after ruling on counsel's motion to withdraw); ECF No. 39 (minutes reflecting court's order granting motion to withdraw on 9/27/19).

**Discussion**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[2] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[3]

If the moving party satisfies Rule 56 of the Federal Rules of Civil Procedure by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[4] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[5] The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[7] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and

---

[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).
[2] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[3] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.
[5] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).
[7] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

2

supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[8]

Applying these standards, El Super has demonstrated that it is entitled to summary judgment on both of Ortiz's claims. Summary judgment on a negligence claim is appropriate when a party "negate[s] at least one of the elements of negligence."[9] The elements are: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[10] The Nevada Supreme Court explained in *Sprague v. Lucky Stores, Inc.* that "[t]he owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies."[11] "An accident occurring on the premises does not of itself establish negligence."[12] An owner or occupant of property is liable for injuries sustained in a slip-and-fall accident if it caused, knew about, or should have known about the hazard that caused the injury and failed to remedy it.[13]

Ortiz's negligence claim fails for lack of evidence that El Super caused, knew about, or should have known about the floor produce that Ortiz claims she slipped on. El Super has demonstrated that the record is devoid of evidence that El Super employees caused the condition or had any reason to know about it. Ortiz's failure to respond to the motion at all leaves her

---

[8] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.
[9] *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).
[10] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).
[11] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).
[12] *Id.*
[13] *Id.* at 322–23.

3

without any evidence to create a genuine issue of fact. El Super is thus entitled to summary judgment on Ortiz's negligence/premises liability claim.[14]

The same is true of Ortiz's remaining claim for negligent hiring/supervision. With regards to the tort of negligent hiring, an employer has a duty "to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position."[15] "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities."[16] "[T]he employer [also] has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions."[17]

El Super has established that the record contains no evidence to support the breach of these duties. It has provided uncontroverted evidence that the employee responsible for cleaning and inspecting the area, Ms. Olazabal, performed a sweep of the area just ten minutes before the alleged slip and fall. And there is simply no evidence that Ortiz's alleged injuries were the result of negligent hiring or supervision. El Super is thus entitled to summary judgment on Ortiz's second cause of action, too.[18]

## Conclusion

With no genuine issues of fact, El Super is entitled to summary judgment on both of the plaintiff's claims. Accordingly, with good cause appearing and no reason to delay,

---

[14] ECF No. 27 (motion for summary judgment regarding notice).

[15] *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (internal quotation omitted).

[16] *Id.* (internal quotation omitted).

[17] *Id.* at 99.

[18] ECF No. 28 (motion for summary judgment regarding negligent hiring and supervision).

4

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motions for partial summary judgment **[ECF Nos. 27, 28] are GRANTED**.

JUDGMENT is HEREBY ENTERED in favor of the defendant and against the plaintiff. The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 23, 2019